MEMORANDUM *
The recording of Honeycutt’s interrogation was relevant because it showed that Honeycutt’s description of the events leading to his purchase of the gun was inconsistent with Graham’s testimony, and also demonstrated Honeycutt’s nervous reaction when questioned by authorities. See Fed.R.Evid. 401; United States v. Hursh, 217 F.3d 761, 768 (9th Cir.2000). A district court has broad discretion to admit evidence regarding a defendant’s demeanor under interrogation. United States v. Velarde-Gomez, 269 F.3d 1023, 1030 (9th Cir.2001) (en banc). Any prejudicial effect from Honeycutt’s use of profanity did not substantially outweigh the tape’s probative value, Fed.R.Evid. 403; United States v. Meling, 47 F.3d 1546, 1557 (9th Cir.1995), particularly in light of the trial court’s limiting instruction that the jury was not to consider such profanity. United States v. Cardenas-Mendoza, 579 F.3d 1024, 1030 (9th Cir.2009). Therefore, the district court did not abuse its discretion by denying Honeycutt’s motion in limine to exclude the recording of his interrogation.
Nor did the district court abuse its discretion by denying Honeycutt’s motion for a new trial.[1] Fed.R.Crim.P. 33; United States v. Moses, 496 F.3d 984, 992-93 (9th Cir.2007). Credibility determinations are the province of the jury, see United States v. Weatherspoon, 410 F.3d 1142, 1147 (9th Cir.2005), and we may not revisit them, United States v. Nevils, 598 F.3d 1158, 1164 n. 2 (9th Cir.2010) (en banc). Moreover, the prosecutor’s comments on Honeycutt’s demeanor in his closing argument were permissible comments on the evidence, rather than improper vouching. See United States v. Young, 470 U.S. 1, 18, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because Honeycutt failed to develop any argument that the district court erred in denying his Rule 29 motion for acquittal, he has waived this issue. United States v. Kama, 394 F.3d 1236, 1238 (9th Cir.2005).